## HALE v. JONES.

4-8354                                    206 S. W. 2d 17

Opinion delivered December 1, 1947.

*Weisenberger & Pilkinton,* for appellant.

ROBINS, J. Appellee in his replevin suit against appellants, Horace Hale and Carl Porter, marshal and deputy marshal, respectively, of Prescott, was awarded judgment for possession of fifty-four and a half pints of

intoxicating liquor. These officers and the prosecuting attorney, who had intervened for the State of Arkansas below, have appealed.

Appellee purchased the liquor, which bore the proper federal and state revenue stamps, in Little Rock, and transported same to Prescott. There the marshal and his deputy arrested appellee, seized the liquor and took appellee before the mayor of Prescott.

The sale of intoxicating liquor anywhere in Nevada county is forbidden by law.

Appellee entered a plea of guilty to a charge of possessing liquor for sale in "dry" territory and a fine, which has been paid, was assessed against him on said charge. The mayor also ordered the marshal to destroy the seized liquor, but before this could be done the instant suit was filed.

We have not been favored with a brief by appellee; and in its judgment the circuit court made no findings of fact or of law. The complaint in the replevin suit is formal and contains no allegation from which we may deduce the grounds on which the lower court ordered the liquor to be returned to appellee.

By the provisions of § 14134, subdivision (c), Pope's Digest, the keeping of intoxicating liquor for sale in territory wherein the sale thereof is forbidden by law is made a misdemeanor; and the seizure and destruction of liquor so kept is authorized by Act 13 of the General Assembly, approved February 13, 1899, § 6184, Crawford & Moses' Digest, which, though not repealed, apparently is omitted from Pope's Digest. The offense here involved was committed before the approval of Act No. 423 or Act No. 91 of the General Assembly of 1947.

In the case at bar appellee confessed to a violation of the law—keeping intoxicating liquor for sale in "dry" territory—and paid a fine therefor. The mayor properly ordered the destruction of the liquor seized by the officers when they arrested appellee.

The judgment of the lower court is reversed and appellee's complaint is dismissed.